Linda UMBLE, Plaintiff–Appellant,

v.

ARROWHEAD COMMUNITY HOSPI-
TAL & MEDICAL CENTER, an Ari-
zona Corporation; Baptist Hospitals
and Health Systems, Inc., an Arizona
Corporation, Defendants–Appellees.

No. 99–17300.
D.C. CV–97–01360–RGS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided April 25, 2001.

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Linda Umble brought suit against defendants Arrowhead Community Hospital and Medical Center and Baptist Hospital and Health Systems (collectively "Arrowhead") under the Americans with Disabilities Act ("ADA"). The district court granted summary judgment to Arrowhead, and we affirm.

■ We hold that Arrowhead's discharge of Umble did not violate the ADA.

* This disposition is inappropriate for publica- tion and may not be cited to or by the courts

Because Arrowhead was not aware that the complaints about Umble's behavior were linked to her migraine condition, Arrowhead was under no duty to accommodate her disability.[2] *Barnett v. U.S. Air,* 228 F.3d 1105, 1114 (9th Cir.2000) (en banc), *cert. granted,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001). Moreover, even if we were to find that the duty to accommodate was triggered, Umble caused the breakdown of the interactive process by refusing Arrowhead's offer of a leave of absence and failing to request an alternative accommodation. Indeed, Umble maintained throughout the termination proceedings that her job performance was satisfactory and that she did not require leave or any other accommodation to return to work. Under the circumstances, Arrowhead's decision to terminate Umble did not violate the ADA.

We also conclude that Umble has not adequately raised a separated failure-to-accommodate claim arising out of the January disciplinary meetings regarding her poor attendance record. Rather, her complaint is based on the events leading up to her termination in September 1996, and alleges that she was terminated because of her disability at that time. Similarly, while Umble's opposition to summary judgment does recite the events in January as supportive of her claim that she was wrongfully terminated several months later, that opposition never asserts failure to accommodate in January as an independent ground of liability.

Accordingly, the district court's grant of summary judgment to the defendants is hereby

AFFIRMED.

REINHARDT, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that Arrowhead's termination of Umble did not, in itself, constitute a violation of the ADA. However, I would hold that Umble has adequately raised the claim that Arrowhead failed to accommodate her disability in January 1996 when it threatened her with termination for attendance difficulties which it knew were caused by her migraine headaches. In her opposition to the defendants' motion for summary judgment/cross-motion for partial summary judgment, Umble argued that Arrowhead violated the ADA in part because "it refused [her] request for a modified work schedule," and discussed at length the reprimands threatening termination if her absenteeism continued as well as the evidence that Arrowhead was aware that her attendance problems were caused by her migraines. Umble renewed these arguments in her briefs on appeal. Although her complaint is inartfully pled, the defendants had adequate notice from Umble's summary judgment papers that Arrowhead's actions in January 1996 regarding her absenteeism difficulties, as well as the events leading up to her termination in September, were at issue; indeed, in the statement of facts in opposition to the motion for summary judgment, Umble devotes as much space to the discipline for absenteeism as to the termination decision. I would therefore hold that Umble has adequately raised this claim, and that Arrowhead failed to engage in the ADA-mandated interactive process in January 1996 when it threatened Umble with termination without attempting to explore with her possible accommodations for her

---

of this circuit except as may be provided by 9th Cir. R. 36–3.

**2.** Because we find that no duty to accommodate arose, we do not reach Umble's argument that the alleged absence of an ADA

policy and failure to post notices in accordance with 42 U.S.C. § 12115 results in the defendants' waiver of the right to assert that they reasonably accommodated the plaintiff.

migraine condition. *Barnett v. U.S. Air,* 228 F.3d 1105, 1114 (9th Cir.2000) (en banc), *cert. granted,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 4678 (2001). Whether or not, for purposes of damages, Umble's termination was a consequence of that alleged violation is an issue I also believe to have been properly preserved. Accordingly, I would reverse the grant of summary judgment.

I recognize that the majority's statement that Umble failed to assert an independent ground for liability with respect to the January meeting is not without merit. I would, however, give a more generous, dare I say liberal, reading to the papers filed by a civil rights plaintiff and am most reluctant to forfeit what appears to be a valid disability claim because of perceived inadequacies in the pleadings or motions papers. Indeed, I do not think it was necessary to do so in this case.